## David Levi et al., Appellees, v. Charles R. Beadles and Robert D. Beadles, Appellants.

### Gen. No. 22,023.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed in part, reversed in part and remanded with directions.   Opinion filed May 9, 1917.   Rehearing denied May 22, 1917.   *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by David Levi and others, complainants, against Charles R. Beadles and Robert D. Beadles, defendants, to foreclose a trust deed. From a decree awarding a foreclosure in the form of a warranty deed given as security, defendants appeal and complainant Levi assigns cross-errors.

HENRY W. LEMAN and FRANK H. CULVER, for appellants.

GROSSBERG & HAFFENBERG, for appellee Levi.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 532*—*when decree of foreclosure affirmed in part.* On a bill to foreclose a trust deed where such foreclosure was denied on the ground that the trust deed had not been purchased by the complainant but that he had obtained possession thereof by subterfuge, and foreclosure of a mortgage in the nature of a warranty deed given as security was decreed in favor of complainant, allowances being made in the decree to various parties for moneys due in connection with the carrying on of the various transactions and the erection of a building on the premises, and both parties being

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dissatisfied an appeal was perfected by one and cross-errors assigned by the other, *held* that the decree should be affirmed excepting as to a certain allowance for master's fees.

2. EQUITY, § 401*—*when taxing of master's fees as costs is improper.* On a bill to foreclose a trust deed where such foreclosure was denied, but foreclosure of a mortgage in the form of a warranty deed given as security was decreed and claims of various parties for moneys due in connection with the carrying on of the various transactions and the erection of a building on the premises were determined, and it appeared that the master who took the testimony and made his report died prior to the entry of the decree, and the court requested another master to draft the same, and there appeared to have been no order of reference to the latter master, *held* that the taxing of an allowance of $250 for the drafting and redrafting of such decree as costs was improper.

3. EQUITY, § 396*—*when increase in allowance of fees to master is proper.* On a bill to foreclose a trust deed where such foreclosure was denied, but a foreclosure of a mortgage in the form of a warranty deed given as security was decreed, and claims of various parties for moneys due in connection with the making of the various transactions and the erection of a building on the premises were determined, and defendant claimed that it was error to allow $2,500 to a master who had only requested $2,000, and it appeared that before such master had prepared his report and before he had made up an estimate of charges he died, and his successor filed a supplemental report itemizing the services rendered by the deceased master and stating that in his opinion such services were reasonably worth $2,000, *held* that the amount of fees to be allowed to a master as stated in his report was not conclusive on the chancellor, and that he might decrease or increase them, and as the record was in six parts and was certified as having been prepared *per præcipe*, the court was unable to say whether the record was complete, and that it could not say that the allowance was not authorized.

4. COSTS, § 8*—*when assessment against complainant is proper.* Where foreclosure of a trust deed was denied to the complainant but foreclosure of a mortgage in the nature of a warranty deed given as security was awarded to him, and such complainant objected to the assessment to him of $1,500 of the costs incurred before the master, *held* that as it appeared that such complainant had obtained possession of the trust deed which he sought to foreclose by subterfuge, and that a large part of such expense was incurred by reason of the attempt to uphold the pretended sale of such trust deed to the complainant, such objection was untenable.

---

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.